## SAUNDERS vs. WOOD.

One partner files his bill after the expiration of the term of partnership against his co-partner for a settlement and share of the profits; the defendant, in his answer, denies that there were any profits, and alleges that the complainant is indebted to him on the partnership account: HELD, that a court of chancery, having acquired jurisdiction of the cause and parties, will dispose of the whole case and decree for the one or for the other, as the account may stand; for the defendant, if the balance be due him, without driving him to a separate suit.

*Appeal from Ashley Circuit Court in Chancery.*

PIKE & CUMMINS, for the appellant.

YELL, for the appellee.

Mr. Justice WALKER delivered the opinion of the Court.

It appears that Sanders and Wood, bought of Pervis, Wood &

Co., $629, worth of groceries on credit, and entered into partnership for the sale of them; by the terms of which it was expressly agreed that Wood should take charge of the groceries, act as sales man and keep the accounts and books of the firm. He was also to pay, out of the proceeds of the sale, their debts to Pervis, Wood & Co., and defray all expenses. The profits were to be equally divided between them: the partnership to be limited in time to the sale of the stock of groceries then on hand.

To close this partnership transaction, this suit was brought.

The bill is carelessly drawn, and no doubt demurrable, but as no exception was taken to it, we will consider it sufficient to bring the parties to an account with each other, and for a final settlement and decree.

It does not appear, either from the evidence, exhibits, or the answer, for what sum the groceries were sold. The defendant, however, denies that there were any profits whatever realized; but on the contrary that there is a balance due on account of the firm debt. He offered to hold the books of the firm subject to inspection, but the complainant seems to have taken no steps to bring them before the court, or to compel a more full and distinct answer. The evidence is vague and uncertain upon this point; so that it is difficult to say, with any degree of certainty, what the true state of accounts is between them. From the answer (which is responsive to the discovery sought in that particular) there were certainly no profits to be divided; and, therefore, no decree could properly be renderd for the complainant, and from the weight of the evidence (giving the complainant credit for the small advances made by him) it is most probable that there is a balance due to the defendant fully equal to that decreed in his favor. The facts appear to have been twice submitted to the master to take an account; and finally to have been settled by the court upon examination of the evidence. The sum last found due the defendant by the master, and that found due by the court and decreed, are of, very nearly, the same amount, that decreed being most favorable to the complainant.

4BB

The only question of doubt that could arise is as to whether the defendant, under the issue formed, was entitled to a decree in his favor. As a general rule, he would not: as for instance, where his right to a degree depends upon affirmative matter, cross demands or set off, a cross bill should be filed; but where as in the present case, the whole matter grows out of a partnership transaction, and one partner calls the other to account, each claiming a balance in his favor, upon ascertaining such balance, whether for the one or the other, a decree should be rendered accordingly. The complainant is not taken by surprise. His defence upon a suit against him for such balance, must be predicated upon the case made by himself here as complainant; and for this reason, as well as upon the general principle, that where a court of chancery has acquired jurisdiction of the person and the subject matter, it will, if it can equitably do so, dispose of the whole case, and not drive the defendant to a separate suit to obtain redress. Decree affirmed.