W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Marvin S. TURNER and A. Ervin Goldberg, d/b/a Ace Generator and Starter Exchange, Defendants.

Civ. A. No. 8446.

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 21, 1963.

Beverly R. Worrell, U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

H. Fred Gober, Arnall, Golden & Gregory, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff brought this action to enjoin the defendants from violating the provisions of Sec. 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938 (29 U.S.C.A. § 201 et seq.) and "to restrain said defendants from withholding payment of minimum wages due their employees under the Act."

Plaintiff has filed a motion to strike defendant's demand for a jury trial. Whether or not defendant is entitled to a trial by jury in such cases has been recently discussed by Judge Bootle in the case of Wirtz v. Alapaha Yellow Pine Products Inc., 217 F.Supp. 465 (M.D.Ga., 1963), wherein he concluded:

> "The case of Scott v. Neely, 140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358 (1891), holding that an existent right to trial by jury cannot be dispensed with by blending a demand for equitable relief with a claim properly cognizable at law, is not in point. The plaintiff there had an existent right to jury trial upon a simple contract debt, a common law cause of action. In the case at bar neither the Secretary nor the employees have any common law cause of action. They do have a statutory cause of action for unpaid statutory amounts, but the statute enables and empowers the district courts sitting as courts of equity to order the payment of back wages in relief of violation of §§ 6 and 7 of the Act, as a sort of legislative sanction. The recent cases, Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d, 988 (1959), and Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 984, 8 L.Ed.2d 44 (1962) are to the same effect as Scott v. Neely, supra." (At pages 470 and 471)

This Court is in full agreement with the view just stated and plaintiff's motion to strike defendants' demand for a jury trial is hereby granted.