W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

H. G. NORTON, Defendant.

Civ. A. No. 8443.

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 8, 1963.

1. * * * * *

* * * * *

**536**

Beverly R. Worrell, Birmingham, Ala., and M. J. Parmenter, Atlanta, Ga., for plaintiff.

T. Charles Allen, Latimer & Allen, Atlanta, Ga., for defendant.

MORGAN, District Judge.

On September 3, 1963, the plaintiff filed in this Court a motion to strike the demand of the defendant for trial by jury on the ground that the right to trial by jury of this cause does not exist under the Constitution or statutes of the United States.

The plaintiff filed his complaint on June 27, 1963, alleging violations of the overtime and record-keeping provisions of the Fair Labor Standards Act, and praying for an injunction to prohibit further violations.

■■ The general rule that the right of trial by jury does not extend to equity cases has long been settled, and actions for injunctions are equitable in nature. N.L.R.B. v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 57 S.Ct. 615, 81 L. Ed. 893, 108 A.L.R. 1352; Guthrie National Bank v. City of Guthrie, 173 U.S. 528, 537, 19 S.Ct. 513, 43 L.Ed. 796.

■ While the Federal Rules of Civil Procedure have merged claims and defenses formerly cognizable either at law or equity into a single form of action, the Rules have neither enlarged nor diminished the right to either a jury or court trial. Ettleson v. Metropolitan Life Insurance Company, 137 F.2d 62, 65, cert. den. 320 U.S. 777, 64 S.Ct. 92, 88 L. Ed. 467.

■■ The determination under the Federal Rules as to whether a party is entitled to a jury trial as of right still rests upon whether the equitable or legal jurisdiction of the Court is invoked. In suits for injunctive relief under Section 17 of the Fair Labor Standards Act, the courts have uniformly denied requests for jury trials. Fleming v. Peavy Wilson Lumber Company, D.C.La., 38 F.Supp. 1001; Walling v. Richmond Screw Anchor Company, Inc., D.C.N.Y., 52 F.Supp. 670.

In accordance with the previous ruling of this Court striking the defendant's demand for a jury trial in the case of Wirtz v. Turner, D.C., 227 F.Supp. 395, the demand for jury trial on the part of the defendant herein is hereby stricken.

It is so ordered.