W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CAMP HILL LUMBER COMPANY, Inc., a corporation, and Charles S. Sullivan, Defendants.

Civ. A. No. 629–E.

United States District Court
M. D. Alabama, E. D.

March 10, 1964.

Beverley R. Worrell, Regional Attorney, George D. Palmer, Attorney, U. S. Department of Labor, Birmingham, Ala., for plaintiff.

Jacob Walker, Jr., of Walker & Hill, Opelika, Ala., and Ruth S. Sullivan, Dadeville, Ala., for defendants.

JOHNSON, District Judge.

This is an action by the Secretary of Labor, United States Department of Labor, suing to enjoin the defendants from violating the provisions of §§ 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act, as amended, and to enjoin and restrain the defendants from withholding the payment of minimum wages and overtime compensation in the total amount of $7,668.44 to certain enumerated employees. The answer of the defendants, as reflected by the pretrial order of this Court, specifically denies any violations of the Fair Labor Standards Act during the periods involved and specifically denies that any amount in unpaid minimum wages and overtime compensation has been unlawfully withheld by the defendants from the employees named in the complaint for the periods and in the amounts claimed by the Secretary of Labor. The defendants demand a jury trial in this case as to that part of the complaint wherein the plaintiff seeks to enjoin and restrain the defendants from withholding the payment of minimum wages and overtime compensation. The plaintiff Secretary moves this Court to strike the demand of the defendants for a trial by jury on the ground that the right to trial by jury of this cause does not exist under the Constitution or statutes of the United States. The 1961 amendment to the Fair Labor Standards Act as enacted May 5, 1961 (P.L. 87–30, 75 Stat. 65),

as that amendment relates to the issue now before this Court, provided:

"Injunction Proceedings

"Sec. 17. The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown, to restrain violations of section 15, including in the case of violations of section 15(a) (2) the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Act (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 6 of the Portal-to-Portal Act of 1947)."

The question now presented by the plaintiff's motion to strike the defendants' demand for a jury trial has received, and is continuing to receive, considerable attention by the lower courts. As yet, there has been no appellate court decision on the question. Of the twelve decisions called to the attention of this Court on this question as to whether the "restraint of withholding" provisions of the 1961 amendment to the Act gives a right to trial by jury, ten of them[1] have determined that the defendants have no such right. Two of them[2] have

held that the defendants in such instances are entitled to the jury trial.

The defendants' contention, in support of their demand for a jury trial, is simply that they have a right under the Seventh Amendment to the Constitution of the United States to have a jury determine whether or not they owe their employees—or former employees, as the case may be—money as earned compensation, which has not been paid. The Seventh Amendment reads as follows:

"AMENDMENT VII—CIVIL TRIALS

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

The Federal Rules of Civil Procedure for the United States Courts, in dealing with this matter in Rule 38(a), states as follows:

"RULE 38. JURY TRIAL OF RIGHT

"(a) *Right Preserved.* The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

The plaintiff, in asking this Court to strike the jury trial demand, argues that the Fair Labor Standards Act estab-

---

1. Wirtz v. Alapaha Yellow Pine Products, Inc., 217 F.Supp. 465, MD of Ga., Judge Bootle; Wirtz v. Robert E. Bob Adair, Inc., WD of Ark., 224 F.Supp. 750, Judge Henley; Wirtz v. Gregg, Gibson & Gregg, Inc., Feb. 19, 1964, CA No. 63-10-Civ-Ocala, MD of Fla., Judge Simpson (not yet reported); Wirtz v. Turner, MD of Ga., 227 F.Supp. 395, Judge Hooper; Wirtz v. Morton, MD of Ga., 34 F.R.D. 535, Judge Morgan; Goldberg v. Thompson, 15 W.H.Cases 883, SD of California, Judge Crocker; Goldberg v. Wimpy, 15 W.H.Cases 674 SD (now MD) of Florida, Judge Young (after trial opinion and re-

straint of withholding order of $40,089.61 reported at 48 L.C.Par. 31.525; Wirtz v. Perkins, CA No. 1417, ED N.C., Judge Larkins (no opinion written); Wirtz v. The Floridice Co., Inc., CA No. 4880-Civ-T, MD of Fla., Judge Lieb (no opinion written); and Wirtz v. George W. Spring, Jr., CA No. 3778, ED of Va. (not yet reported).

2. Wirtz v. Jones, CA No. 1165, SD of Miss., Judge Cox; Wirtz v. Thompson Packers, 16 W.H.Cases 293, ED of La., Judge Ellis.

lished statutory rights which were not "contractual or common law rights" within the meaning of the Seventh Amendment and that the Fair Labor Standards Act established remedies which were unknown to the common law.

This Court elects to join the majority of the district judges in deciding this issue. It seems clear from the legislative history of the 1961 amendments to the Fair Labor Standards Act that the amendments, particularly that part dealing with "restraint of withholding," were designed and intended by Congress to be included as a part of "the general equity jurisdiction of the courts." Senate Report No. 1744, 86th Congress, 2d Session 1960, p. 33. There is no question but that Congress has considerable leeway in fashioning statutory remedies and in creating new causes of actions. 5 Moore's Federal Practice, 38.11(7). As Judge Bootle stated in Wirtz v. Alapaha Yellow Pine Products, Inc., supra:

"This is a traditional and typical equity suit. Its primary aim is injunctive relief to protect the *public* interest, 'and since the public interest is involved * * * those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake.' Porter v. Warner Holding Co., supra, 328 U.S. [395] at 398, 66 S.Ct. [1086] at 1089, 90 L.Ed. 1332. 'Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.' Virginian Ry. Co. v. System Federation No. 40, 300 U.S. 515, 552, 57 S.Ct. 592, 601, 81 L.Ed. 789, 802 (1937). Its ultimate purpose is to give effect to the policy of Congress and 'when Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equi-

ty to provide complete relief in light of the statutory purposes. As this Court long ago recognized, "there is inherent in the Courts of Equity a jurisdiction to * * * give effect to the policy of the legislature." Clark v. Smith, 13 Pet. 195, 203, 10 L.Ed. 123, 127.' Mitchell v. [Robert] DeMario Jewelry, 361 U.S. 288, 291, 292, 80 S.Ct. 332, 334–336, 4 L.Ed.2d 323.

"If, upon the trial of this case, the evidence should be such as to convince the court that in the exercise of its sound discretion an injunction against withholding of payment should be granted the court would then be imposing not so much judicial sanctions as legislative sanctions specifically authorized by Congress, as Congress had a clear right to do. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 47, 48, 57 S.Ct. 615, 629, 81 L.Ed. 893, 917 (1937).

"Congress having acted in the premises, having acted within the borders of the Constitution, and having decided upon a national policy, and that policy being as clear as it is, its lucidity being evidenced by Congress' repeated attention to § 17 (Congress by 1961 having come full circle from the point of view it held in 1949) as well as by the unambiguous language used, it is not for the district courts to sit in judgment upon the wisdom of that policy, but, as expressed by Judge Learned Hand in Scerbo, they should be 'docile to what Congress may command.' See also Mitchell v. Pidcock, 299 F.2d 281, 287 (5th Cir., 1962).

"Congress by the 1961 amendment did not violate any Constitutional rights of the defendants with respect to trial by jury. The defendants' reliance upon the Seventh Amendment here is misplaced * * *."

It seems appropriate to emphasize further the purpose of the statutory provisions requiring restitution in actions such as this. Section 2 of the Act very appropriately states that purpose as follows:

"Sec. 2. (a) The Congress finds that the existence, * * * of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers * * *."

Thus it is quite apparent that Congress has found that the failure to pay properly as required by the Fair Labor Standards Act is a burden on interstate commerce and for that reason it is undesirable and necessary that such burden be eliminated. The social and economic consequences of the failure of employers who are subject to the provisions of the Fair Labor Standards Act to pay wages properly to their employees, as required by the Act, has been recognized by the Supreme Court of the United States. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296. With this knowledge and after over twenty years' experience with the Fair Labor Standards Act, the Congress of the United States must have recognized that the means of enforcing the Act, including the employees' *common law right* to sue the employer, were not adequate. Therefore, the 1961 amendment concerning the "restraint of withholding" was deemed necessary and was added as an *additional* remedy not only for the benefit of the employee, but for the general purpose of eliminating detrimental labor conditions and establishing minimum standards considered necessary for "health, efficiency, and general well-being of workers * *." Cf. Wirtz v. Leonard, 317 F.2d 768, 5th Cir., 1963, where the Court said:

"It has been repeatedly held that parties themselves may not contract to work for less than the minimum wage rate. This Court has said '[T]he obligation of the employer to meet the minimum working conditions prescribed in the Act is statutory and a matter of general public policy, and cannot be waived or contracted away by individual employers and employees.' "

This Court concludes that the statutory remedy here involved is clearly equitable; that the action is brought by the Secretary of Labor in the public interest under specific authority from the Congress and is, therefore, not a common law cause of action within the meaning of the Seventh Amendment to the Constitution of the United States, or Rule 38(a), Federal Rules of Civil Procedure. Since the defendants have no unqualified right to a trial by jury and since no reason appears in this case for this Court to depart from its general equity procedure in injunction cases, the motion of the plaintiff to strike the defendants' jury demand will be granted.