W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

ACTIVE CITY WIDE SERVICE CO., a
Corporation, Defendant.

No. 63 C 564.

United States District Court
N. D. Illinois, E. D.

June 5, 1964.

Joanne H. Saunders, Chicago, Ill., for plaintiff.

Chapman, Anixter & Delaney, Chicago, Ill., for defendant.

PARSONS, District Judge.

This suit was brought by the Secretary of Labor, W. Willard Wirtz, under Section 17 of the Fair Labor Standards Act, against an employer engaged in the garbage collection business. The complaint alleges that defendant, an Illinois corporation, is an employer within the meaning of the Act; that the defendant employs approximately nine employees who are engaged in interstate commerce and the production of goods for interstate

commerce and who by these activities are covered by the Act; that with respect to its employees, the defendant has failed during stated periods of time to pay minimum wages and overtime compensation required by the Act; and that unpaid minimum wages and overtime compensation is due certain of defendant's employees. The complaint seeks to enjoin the defendant from violating the minimum wage, overtime, and record keeping provisions of the Act and also asks that defendant be restrained from the continued withholding of unpaid minimum wages and overtime compensation due its employees.

Defendant, Active City Wide Service Co., denied the allegation of the complaint in its answer and made a timely demand for trial by jury. Plaintiff made a timely motion to strike defendant's jury demand and Memoranda of Authority were filed in support of both parties' positions.

The cause is now before the Court on plaintiff's Motion to Strike Defendant's Demand for Jury Trial. The sole issue raised by the motion is whether the inclusion in the Secretary's complaint of a prayer for the "restraint of any withholding" of wage underpayment due to employees converts the cause into an action at law so that defendant is entitled to trial by jury under the Seventh Amendment to the United States Constitution.

▮ Defendant is not entitled to a trial by jury. The Seventh Amendment to the United States Constitution confers no right to jury trial in any action for injunctive relief under Section 17 of the Fair Labor Standards Act, notwithstanding the inclusion in the complaint of a prayer for the "restraint of any withholding of payment of minimum wages or overtime compensation". Wirtz v. Robert E. Bob Adair, Inc., 224 F.Supp. 750 (W.D.Ark.1963); Wirtz v. Alapaha

Yellow Pine Products, Inc., 217 F.Supp. 465 (M.D.Ga.1963); Wirtz v. Turner, 227 F.Supp. 395 (N.D.Ga.1963); Wirtz v. Norton, 34 F.R.D. 535 (N.D.Ga.1963); Other cases to same effect though not officially reported are: Wirtz v. Gregg, Gibson & Gregg, 16 W. H. Cases 391; Goldberg v. Wimpy Co., 15 W.H. Cases 674; Wirtz v. Camp Hill Lumber Co., 16 W.H. Cases 423; Goldberg v. Thompson, 15 W.H. Cases 883; Wirtz v. Moorehead, 16 W.H. Cases 417; Wirtz v. The Floridice Co., (N.D.Fla. no opinion); Wirtz v. Perkins, (E.D.N.C. no opinion); Wirtz v. Sanitary Plumbing and Heating Co., (W.D.S.C., not reported); Wirtz v. George W. Spring, Jr., (E.D.Va., not reported).[1] It has long been settled that the jury trial right preserved by the Seventh Amendment is that "which existed under the common law when the amendment was adopted". N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 629, 81 L.Ed. 893 (1937). This amendment which "planted deep in American law the distinction between legal and equitable causes of actions", Thermo-Stitch, Inc., v. Chemi-Cord Processing Corp., 294 F.2d 486, 488 (5th Cir. 1961), is "applicable only to actions at law" and does not create any right to jury trial of claims which are equitable in nature. United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950). Section 17 is a statutory remedy—equitable in character—unknown to the common law. Wirtz v. Alapaha Yellow Pine Products, Inc., 217 F.Supp. 465 (M.D.Ga. 1963).

The legislative and judicial history of Section 17 as amended makes it clear that when Congress authorized "the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due" it was simply re-instating the equitable remedy for the protection of the public interest that existed in the absence of express statu-

1. Other cases to same effect Wirtz v. The Floridice Co., (N.D.Fla., no opinion); Wirtz v. Perkins, (E.D.N.C., no opinion); Wirtz v. Sanitary Plumbing and Heating Co. (W.D.S.C., not reported); Wirtz v. George W. Spring, Jr., (E.D.Va., not reported).

tory proviso prior to the 1949 amendment of Section 17.[2]

█ Thus, when the Secretary invokes the equitable procedure prescribed by Congress for the enforcement of a right created by Congress, the Secretary is asking the Court "to act in the public interest by restoring the status quo" Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946). Though the employee may ultimately benefit from this action by receiving back pay, the proceeding is not a private one to enforce a private right. The employee is not a party to the proceeding and exercises no control over its conduct. Unlike the monetary claims involved in Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); and Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir. 1961), the equitable remedies provided here are pursued by the Government, not for the purpose of collecting private damages or debts, but for the purpose of protecting the public interest and the interest of complying competitors. The reliance in Wirtz v. Thompson Packers, 224 F.Supp. 960 (E.D.La.1963) upon these three cases appears misplaced, since it fails to deal in the first instance with the lack of a "legal" issue, but rather assumes because "money" is involved such a "legal" issue exists.

Accordingly, Plaintiff's Motion to Strike Defendant's Jury Demand must be, and the same is hereby, allowed. And it is so ordered.

---

2. Section 17, as originally enacted, provided simply that "[t]he district courts * * * shall have jurisdiction, for cause shown * * * to restrain violations of section 15." This authorization was held sufficient to invoke "the traditional power of an equity court, once it has acquired jurisdiction in the premises, to grant full relief, including restitution or reparation where appropriate". McComb v. Frank Scerbo & Sons, 177 F.2d 137 (2d Cir. 1949).

In 1949, Section 17 was amended to "deprive the court of jurisdiction to exercise their equity power to order back wages in purely injunctive cases" (Report of Majority of Senate Conference on Fair Labor Standards Amendments of 1949, 95 Cong.Rec. 14879; see also House Managers Report, 95 Cong.Rec. 14934). The 1949 amendment added to Section 17 the proviso "That no court shall have jurisdiction, in any action brought by the [Administrator] to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation * * * *".

In 1961, Section 17 was again revised so as to confirm "consonant with the general equity jurisdiction of the courts, authority to restrain any withholding of payment by employers of the amounts of minimum wages or overtime compensation required by the act which the courts find to be due and owing such employees". See S.Rep. No. 1744, 86th Cong., 2nd Sess., 1960, p. 39; Sen.Rep. No. 145, 87th Cong., 1st Sess.1961, p. 40, U.S.Code Cong. and Adm.News 1961, p. 1620; H. Rep. No. 75, 87th Cong., 1st Sess.1961, p. 28.