W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, Plaintiff,

v.

GIBSON PRODUCTS COMPANY, Inc., a corporation, Defendant.

Civ. No. 67–243.

United States District Court
W. D. Oklahoma.

Sept. 6, 1967.

Charles Donahue, Washington, D. C., M. J. Parmenter, Nathan Rachael, Dallas, Tex., for plaintiff.

Wheeler, Watkins, Hubbard, Patton, & Peek, Texarkana, Tex., for defendant.

## ORDER

DAUGHERTY, District Judge.

This action is brought under Section 17 of the Fair Labor Standards Act of 1938 (Act), 29 U.S.Code § 217, for an injunction against future violations of the overtime provisions and record keeping provisions of said Act and for an injunction against withholding the payment of overtime compensation found due certain employees under the Act. The defendant has answered and has demanded a trial by jury. The plaintiff has moved to strike the jury demand of the defendant.

The plaintiff supports its motion to strike by two Fifth Circuit cases which have treated with this precise problem

in Section 17 actions,[1] and by several District Court cases.[2] The Fifth Circuit cases hold that trial by jury in Section 17 actions is not a matter of right. The essential basis of this ruling is that there is no statutory provision for jury trial and that the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest. The United States Supreme Court denied certiorari in the second case in 1966.

The defendant in support of its demand for a jury trial depends primarily on the cases of Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed. 2d 988, decided in 1959, and the case of Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, decided in 1962. Neither of these cases involve Section 17 actions and generally announce the principle that only under the most imperative circumstances can the right to a jury trial of legal issues be lost through the prior determination of equitable claims; that any legal issues for which a trial by jury is timely and properly demanded be submitted to a jury. The defendant points to no Circuit Court or District Court case holding that a trial by jury is available as a matter of right in a section 17 proceeding. It is significant that the United States Supreme Court denied certiorari in 1966 in Sullivan v. Wirtz, supra, in the face of Beacon Theatres v. Westover, supra, and Dairy Queen, Inc., v. Wood, supra, which had

previously been decided in non-Section 17 cases.

The Court has examined the two Fifth Circuit cases and believes them to be sound. In these circumstances, the Court will follow the only Circuit pronouncement regarding this problem and sustain the plaintiff's motion to strike the jury demand herein.

---

1. These two cases are Wirtz v. Jones, 340 F.2d 901 decided in 1965, and Sullivan v. Wirtz, 359 F.2d 426, decided in 1966, cert. denied, 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80.

2. Wirtz v. Alapaha Yellow Pine Products Co., Inc., (MD Ga.1963), 217 F.Supp. 465; Goldberg v. Thompson, (SD Cal. 1962) 47 Labor Cases, 31,410; Wirtz v. Turner, (ND Ga.1963) 227 F.Supp. 395; Wirtz v. Norton (ND Ga.1963) 34 F.R.D. 535; Wirtz v. Robert E. Bob Adair, Inc. (WD Ark.1963), 224 F.Supp. 750; Wirtz v. Gregg, Gibson & Gregg, (MD Fla.1964), 49 Labor Cases, 31556; Goldberg v. Wimpy Co., (SD Fla.1962), 46 Labor Cases, 31344; Wirtz v. Moorehead, (WD S.C.1964), 49 Labor Cases, 31555; Wirtz v. Robinson & Stephens, Inc., (ND Fla.1964), 49 Labor Cases, 31,587; Wirtz v. Mount (MD Ala.1964), 50 Labor Cases, 31,629; Wirtz v. Active City Wide Service Co., (ND Ill.1964), 230 F.Supp. 666; Wirtz v. Tinker's Bigg & Littel Stores (ND Cal.1964), 50 Labor Cases, 31,622; Wirtz v. Wheaton Glass Co., (DC N.J.1966), 253 F.Supp. 93; Wirtz v. Alfred J. Riccio d/b/a York Industrial Tool & Engineering (DC MD Pa.1967), 264 F.Supp. 134; Wirtz v. Martin, (DC MD Pa.1967), 54 Labor Cases, 31,883.