Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

J. C. PENNEY COMPANY, INC., Defendant.

No. C 73–530.

United States District Court, N. D. Ohio, E. D.

Oct. 15, 1973.

Dennis Dowdell, Jr., U. S. Dept. of Labor, Cleveland, Ohio, for plaintiff.

James C. Sennett, Jr., Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The Secretary of Labor has filed the above-entitled action under Section 17 of the Fair Labor Standards Act of 1938, 52 Stat. 1060, as amended 75 Stat. 65; 29 U.S.C. § 217, to enjoin defendant's alleged violation of the equal pay provisions of Section 6(d) of the Act and to restrain any withholding of unpaid minimum wages or unpaid overtime compensation.[1] The defendant by its answer demanded a jury on all questions properly triable by jury.

The Secretary, in moving to strike the jury demand, contends that his action is wholly equitable and does not invoke the right to trial by jury. Defendant, relying on Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) and Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), maintains that the injunctive relief requested, insofar as it seeks the restraint of withholding of unpaid wages, is in reality a claim for back wages. As such, this claim is cognizable at law, and the constitutional right to a jury trial cannot be foreclosed by the accompanying demand to enjoin further violations of the Act.

The Secretary cites numerous decisions supporting the view that his action is in all respects equitable.[2] There are no reported decisions in the Sixth Circuit; accordingly, this Court feels compelled to set forth its opinion.

The Seventh Amendment provides in part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . .." It has long been held that the right attaches only to actions at law and not to actions historically classified as equitable. United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); Barton v. Barbour, Dist.Cal.,

---

1. Section 6(d)(3), 29 U.S.C. § 206(d)(3) provides that: "[f]or purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection [relating to equal pay] shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter."

2. Geyer Broadcasting Co. v. Holder, 14 F.R. Serv.2d 621 (7th Cir. 1970); Sullivan v. Wirtz, 359 F.2d 426 (5th Cir. 1966), cert. den., 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1964); Hodgson v. Parsippany-Troy Hills, 344 F.Supp. 79 (D.N.J.1972); Hodgson v. American Can Co., 328 F.Supp. 261 (E.D.Pa.1971); Wirtz v. Swann Oil Co., 293 F.Supp. 211 (E.D.Pa.1968); Wirtz v. Gibson Prods. Co., 275 F.Supp. 86 (W.D. Okla.1967); Wirtz v. Wheaton Glass Co., 253 F.Supp. 93 (D.N.J.1966); Wirtz v. Turner, 227 F.Supp. 395 (N.D.Ga.1963); Wirtz v. Robert E. Bob Adair, Inc., 2224 F. Supp. 750 (W.D.Ark.1963); Wirtz v. Alapaha Yellow Pine Prods., Inc., 217 F.Supp. 465 (W.D.Ga.1963).

104 U.S. 126, 133–134, 26 L.Ed. 672 (1881); Parsons v. Bedford, La., 28 U.S. 433, 3 Pet. 433, 445–446 (1830). In addition, Rule 2 of the Federal Rules of Civil Procedure, while merging actions at law and equity into one civil action, did not enlarge the Seventh Amendment right. The former distinction between law and equity still governs the availability of a trial by jury. Black v. Boyd, 248 F.2d 156, 161–162 (6th Cir. 1957); Bereslavsky v. Kloeb, 162 F.2d 862, 863 (6th Cir. 1947), cert. den., 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947); Fitzpatrick v. Sun Life Assurance Co., 1 F.R.D. 713, 715 (D.N.J.1941). The issue thus framed is whether a suit under Section 17 to restrain the withholding of unpaid wages is in essence a claim at law to which trial by jury is a constitutional right.[3]

Congress has provided statutory causes of action for the civil enforcement of the Fair Labor Standards Act. In Section 16(b), 29 U.S.C. § 216(b), employees aggrieved by their employer's alleged violations may maintain a suit "in any court of competent jurisdiction" to recover unpaid wages for which the employer is liable, plus an equal amount in liquidated damages. Section 16(b) also forecloses the private employee action upon the filing of a complaint by the Secretary of Labor pursuant to Section 17, 29 U.S.C. § 217. The latter provision confines jurisdiction for the Secretary's action to the federal courts and appears to authorize injunctive relief only.

"The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 15, including in the case of violations of Section 15(a)(2) the restraint of any withholding of payment of minimum wages or overtime compensation found by the Court to be due to employees under this Act. . . ."[4]

In Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965), the Secretary brought a Section 17 action which also sought to restrain the withholding of unpaid wages. The Secretary moved to strike defendant's jury demand and the district court denied the motion. On appeal defendant argued, as in the instant case, that the relief sought in relation to back wages was a legal claim which the employees could have asserted had the Secretary not filed a complaint; and that *Dairy Queen* and *Beacon Theaters* required the granting of a timely jury demand where equitable and legal issues are intertwined. The Court of Appeals, while recognizing that an action brought by an employee for back wages would be triable by jury, held that an action under Section 17 was injunctive, instituted for the purpose of terminating an offense against the public interest.

"The effectiveness of this protection is a matter of cardinal importance to the vitality of the Fair Labor Standards Act and the fulfillment of its purpose. The Seventh Amendment does not require Congress to blunt the most competent means of insuring general compliance with a key section of the Act by depriving the equity courts of a significant part of their inherent power. . . . The order to pay withheld, but earned, remuneration is to redress a wrong being done to the public good." Wirtz v. Jones, *supra,* at 905.

Here the defendant also argues that the back wage demand is a legal claim based on the proposition that *any* claim that "requests a money judgment" is a claim at law. *See* Dairy Queen, Inc. v. Wood, *supra,* 369 U.S. 469, 476, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Thermo-

---

3. No statute sets forth the right to a jury trial in actions under the Act, thus the right, if here present, is derived from the Seventh Amendment.

4. Section 15(a)(2) prohibits the violation of Sections 6 and 7 of the Act.

Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486, 491 (5th Cir. 1961). In *Dairy Queen,* the complaint for trademark infringement[5] included a demand for an accounting, a remedy traditionally known to equity. The Court construed the complaint and found that the demand for an accounting was simply a claim for a "money judgment," a remedy adequate at law which precluded the use of an equitable remedy. It was in this context that the Court agreed with the contention that "insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal." Dairy Queen, Inc. v. Wood, *supra,* 369 U.S. at 476–478, 82 S.Ct. at 899.

The Secretary's request to restrain the withholding of unpaid wages does not attempt to secure an equitable remedy by the masking of a legal claim for pecuniary relief, as was done by Dairy Queen. There is no adequate remedy at law to prohibit the restitution of unpaid wages, for when the Secretary seeks enforcement of the Act under Section 17, the private damage action under Section 16(b) is foreclosed.[6]

The legislative history of the 1961 Amendment to Section 17, returning full equitable jurisdiction to the district courts,[7] indicates that the injunctive remedy included the power to restore unpaid wages to employees. The committee report, in recommending passage, noted that the amended section would "establish a more effective method of enforcing an employee's rights by authorizing the federal courts to order the payment of the actual amount of unpaid wages due an employee in injunctive actions brought under Section 17." 2 U.S.Code Cong. & Ad.News 1658 (1961).

A similar statutory scheme has been previously upheld by the Supreme Court as within the traditional equity jurisdiction of the federal courts. In Porter v. Warner, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946), the Court construed Section 205(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, which authorized enforcement actions by the Administrator of the Office of Price Administration and empowered the courts to grant "a permanent or temporary injunction, restraining order, or other order." The Court held that not only does the inherent equitable power as envisioned by Section 205(a) allow a court to order restitution, but that the language and policy of the section anticipated that result. *Id.* at 399, 400, 66 S.Ct. 1086.

"When the Administrator seeks restitution under § 205(a), he does not request the court to award statutory damages to the purchaser or tenant . . .. Rather he asks the court to act in the public interest by restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant. Such action is within the recognized power and within the highest tradition of a court of equity. . . ." *Id.* at 402, 66 S. Ct. at 1091.

It is apparent that Section 17 of the Fair Labor Standards Act invests the district courts with the power to enjoin future violations of the Act and to

---

5. The complaint was ambiguous, it appearing to the Court that the action may have been for breach of a licensing contract. 369 U.S. at 476–477, 82 S.Ct. 894.

6. In view of the above, Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) is inapposite. There the court held that the legal claims of a corporation which were being asserted in the equitable context of a shareholder's derivative suit afforded the right to a jury trial. *Id.* at 542, 90 S. Ct. 733. A demand for back wages in a

Section 17 suit does not present a claim at law.

7. In 1949, Congress added the following proviso to Section 17: "That no court shall have jurisdiction, in any action brought by the Administrator to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation . . .." Fair Labor Standards Amendment of 1949 ch. 736, 63 Stat. 910.

order restitution of unpaid wages. The Secretary in seeking to restore lost wages does not demand legal damages, but endeavors to force compliance with the Act for the public benefit.

Accordingly, the motion to strike defendant's demand for a jury trial is granted and the action is stricken from the jury calendar.

It is so ordered.