Jackie Don COLCLASURE; June COLCLASURE; Thelma Norine COLCLASURE, Guardian of the Estate of Ralph E. COLCLASURE; and Jackie Don COLCLASURE, Trustee *v.* KANSAS CITY LIFE INSURANCE COMPANY and J. Marshall CHATFIELD, Successor Trustee

85-241                                          720 S.W.2d 916

Supreme Court of Arkansas
Opinion delivered December 22, 1986

*Paul Johnson*, for appellant.

*Thaxton, Hout, Howard & Nicholson*, for appellee.

ROBERT H. DUDLEY, Justice. The appellee, Kansas City Life Insurance Company, loaned $450,000.00 to appellants. The installment promissory note evidencing the debt was secured by a mortgage on appellants' farm. When appellants defaulted on an annual installment payment, appellee accelerated the maturity date, made demand, and filed suit for foreclosure in chancery court. The appellants answered, and, in addition, filed a complaint in circuit court alleging that the appellee had indicated that a prospective buyer of the farm would be allowed to assume the debt, but then would not permit the assumption. Appellants filed motions to transfer the foreclosure suit to circuit court, to consolidate the cases, and to demand a jury trial. Appellee moved to dismiss the suit in circuit court, or, alternatively, to transfer and consolidate in chancery court. The trial court consolidated the cases in chancery court, with the circuit court complaint being

treated as a counterclaim, and denied the demand for a jury trial. The day before the chancery case was set for trial, the appellants filed a motion for default judgment. Service of the motion was had on appellees' attorney the day of trial. The trial court denied the motion for default judgment, granted judgment for the debt, and, if not paid within 20 days, ordered the security sold at public auction. We affirm.

The appellants' first point of appeal is that this is a suit on a debt and the chancellor erred in denying them a jury trial. They contend that there is a distinction between a decree for a money judgment and a decree of foreclosure, and since the decree in this case grants a money judgment they were entitled to a jury trial. They cite cases from other jurisdictions which, they contend, entitle them to a jury trial. *See, e.g., Cheatham* v. *Bynum*, 568 P.2d 649 (Okla. App. 1977) and *Suburbia Pools, Inc.* v. *Fischer*, 661 S.W.2d 823 (Mo. App. 1983).

In the cases cited by appellants there is a statute or rule of civil procedure which alters the common law and grants a right of jury trial when a money judgment is sought in a mortgage foreclosure proceeding. We do not have such a statute or rule but, instead, continue to follow the common law that a mortgage foreclosure proceeding is an equitable proceeding.

Appellants next contend that Article 2, Section 7 of the Constitution of Arkansas and the Arkansas Rules of Civil Procedure guarantee them the right to a trial by jury. The argument is without merit. The constitutional right to a jury trial is limited to those cases which were so triable at common law. *Jones* v. *Reed*, 267 Ark. 237, 590 S.W.2d 6 (1979). A defendant in a mortgage foreclosure proceeding did not have a right to a jury trial at common law. The Rules of Civil Procedure simply set out the procedure by which a party may demand a jury when he has a right to one. ARCP Rule 38.

Foreclosure proceedings are equitable proceedings even though the chancellor may render an in personam judgment in addition to granting foreclosure. *Price* v. *State Bank*, 14 Ark. 50 (1853). This is in line with our continued application of the clean-up doctrine, which allows the equity court, once it has properly acquired jurisdiction, to decide law issues incidental to or essential to the determination of the equitable issues. *Towell* v.

*Shepherd*, 286 Ark. 143, 689 S.W.2d 564 (1985). Appellants do not question that the law issue was incidental to the equitable issue in this case.

■ Appellants next argue that the clean-up doctrine violates Article 2, Section 7 of the Constitution of Arkansas. The argument is without merit. Our current constitution was ratified in 1874, and, by that time, our common law was replete with decisions upholding the clean-up doctrine. *Dugan* v. *Cureton*, 1 Ark. 31 (1837); *Price* v. *State Bank*, 14 Ark. 50 (1853); *Saunders* v. *Wood*, 15 Ark. 24 (1854). The constitution was obviously drafted with full knowledge of the clean-up doctrine, and the two are fully compatible.

■ The appellants next contend that the Seventh Amendment to the Constitution of the United States and *Beacon Theaters, Inc.* v. *Westover*, 359 U.S. 500 (1959), prevent the application of the clean-up doctrine. This argument also is without merit. The Seventh Amendment to the Constitution of the United States, like Article 2, Section 7 of the Constitution of Arkansas, only insures the right to a jury trial in those cases so triable at common law. The federal courts have long recognized that the Seventh Amendment does not apply in equity cases. *Brennan* v. *J.C. Penney Co., Inc.*, 61 F.R.D. 66 (D.C. Ohio, 1973) and *Curtis* v. *Loether*, 415 U.S. 189 (1974). Even if it were held to apply to equity cases where the clean-up doctrine is invoked, the Seventh Amendment would not afford appellants the relief they seek since the Supreme Court of the United States has long recognized that the Seventh Amendment has not been, and should not be, extended to the states through the Fourteenth Amendment. *Hawkins* v. *Bleakly*, 243 U.S. 210 (1917).

■ Finally, appellants contend that the trial court committed error in denying their motion for a default judgment. The Chancellor was correct. The appellees had appeared in the action when the motion for a default judgment was filed. Yet, the appellee was not served with notice of the motion until the day of the application for default judgment. At least 3 days notice was required, ARCP Rule 55(b), so the application was not timely.

Affirmed.