## THEODORE SEGOND v. EMANUEL LANDRY.

A renunciation of prescription may be proved on the trial, though not alleged in the petition. Such an allegation is unnecessary, for the plaintiff cannot know that prescription will be pleaded in the answer.

Waiver of prescription may be proved by one witness, where the amount of the obligation is under five hundred dollars.

The english text of article 3423 of the Civil Code, is an incorrect translation of the original french. The french text is copied *verbatim* from article 2220 of the Code Napoleon; and means only that no renunciation can be made, at the time of entering into a contract, of the right of pleading a prescription which may be thereafter acquired. It does not prohibit the renunciation of the benefit of time already elapsed, to prevent prescription from being accomplished, which is but an interruption of prescription such as would result from an acknowledgment of the debt. But no stipulation can be made to prevent its running anew, the moment after such interruption.

APPEAL from the District Court of West Baton Rouge, *Nicholls*, J.

MORPHY, J. The defendant is sued on an open account for goods sold and delivered, and on sundry notes of hand. The answer pleads the general issue, admits the signatures to the notes sued on, and opposes the plea of prescription as to a note of $417 59, bearing date the 25th of February, 1834, payable one year after date. There was a judgment below in favor of plaintiff only for $397 78, from which he prosecutes this appeal.

On the trial, a bill of exceptions was taken to the opinion of the judge, admitting testimony to prove an endorsement on the note, in pencil mark, in the handwriting and over the signature of the defendant, purporting to be a renunciation of prescription, bearing date the 19th of February, 1840, and several conversations between the witness and the defendant, in which the latter disclaimed any intention of availing himself of the plea of 'prescription. The testi-

mony had been objected to on the ground that such renunciation formed no part of the pleadings, and could not therefore be proved; that parol evid.·nce was inadmissible; and that even, if admitted, such evidence could have no effect, as a renunciation cannot be made when prescription is not yet acquired. The judge, in our opinion, decided correctly. It was not necessary for the plaintiff to allege the defendant's renunciation of a prescription, because the plea might or might not have been made in the answer, and the plaintiff had every reason to believe, that it would not be relied on. The proof of this renunciation was rendered necessary by the defence set up, and could be made by one witness, the amount of the obligation not exceeding five hundred dollars. The judge, however, after admitting the evidence, sustained the plea of prescription, being of opinion that as there were a few days wanting to complete prescription, it could not be lawfully renounced by defendant. In this, we think, he erred. He appears to us to have misunderstood article 3423 of the Civil Code, which provides that 'one cannot renounce a prescription not yet acquired,' &c. The english is evidently a bad translation of the french text, which is taken *verbatim* from the Code Napoleon, article 2220, ' *on ne peut d'avance rénoncer à la préscription.*' This provision, according to the french commentators, means simply that no anticipated renunciation can be made of the right of pleading a prescription, which may be thereafter acquired. If at the time of making a contract, parties were permitted to renounce beforehand future prescriptions, these renunciations would be always stipulated, would become.a standing and customary clause in every contract, and thus the beneficial effects to society supposed to flow from prescription would be defeated. According to their understanding of this provision of the law, nothing in it would prevent a party from renouncing the benefit of the time which has been running, to stop prescription from being accomplished. Such a renunciation they view in the light of an interruption of the prescription, such as would result from an acknowledgment of the debt; but no stipulation can be made to prevent prescription from running anew the very moment after such renunciation or interruption, for, as remarks Bartolus, ' *renuntiaretur juri ob utilitatem publicam introducto; quod fieri non potest.*' 1 Troplong on Prescription, No. 45. Duranton, 218. No. 117.

This construction appears sound and reasonable. The absolute renunciation of the right of pleading prescription at the time of entering into a contract, was the stipulation intended to be prohibited as contrary to the policy of the law of prescription. But where prescription has been for some time progressing, we can see no good reason why a party should not be permitted, in order to obtain some indulgence from his creditor, to waive the time which may have run, since under article 3486 he can do the same thing by expressly acknowledging the debt; in fact, such a waiver implies the acknowledgment of the debt, and must interrupt prescription.

This sum of $417 59 being added to the amount which is proved to be due to the plaintiff, entitles him to $852 74.

It is therefore ordered, that the judgment of the district court be reversed; and that the plaintiff do recover of the defendant the sum of eight hundred and fifty-two dollars and seventy-four cents, with legal interest from the day of judicial demand, and costs in both courts.

*Labauve*, for the appellant. No counsel appeared for the appellee.