No. 1561.—F. A. BOYLE & Co. v. KITTREDGE & EWING.

Where an open account is prescribed on its face, and the evidence fails to establish an interruption, the plea will prevail.

APPEAL from the Third District Court, parish of Lafourche.   *Gates, J. B. J. Sage,* for plaintiffs and appellants.   *Gentile & Whittington,* for defendants and appellees.

WYLY, J. Plaintiffs sued the defendants on an open account for plantation supplies sold them on fourth day of March, 1861. Defendants pleaded the prescription of three and five years.

There was judgment in the court below in favor of defendants and plaintiffs have appealed.

The account seems to be prescribed on its face, having been made on fourth March, 1861, and not sued upon till twenty-ninth March, 1867, when the defendants were cited.

Plaintiffs have attempted to prove the account was acknowledged by one of the defendants, Kittredge, in March, 1865.

They have offered but one witness, John H. Polhaus, who testifies as follows: "In or about the month of March, 1865, Dr. Kittredge informed me in New Orleans, when I asked him about the bills, that he would pay out of that year's crop. He said if he made a good crop he would pay it that season."

This testimony is contradicted by the evidence of Dr. Kittredge, who testifies as follows: "I reside in the parish of Assumption in this State. The Areal and Raceland plantations are situated in the parish of Lafourche, about thirty or forty miles from my residence, more or less. These plantations belong to Kittredge & Ewing, and they are controlled almost entirely, and are supplied by Dr. Ewing. I am a member of the firm of Kittredge & Ewing. I do not supply these plantations at all. I go to these plantations sometimes once a year and sometimes once every three or four years. About the time stated by Mr. Polhaus in his interrogatory, I was present at Mr. Polhaus' counting house purchasing of him a large invoice of pork and flour for my use at Elmore plantation, my residence, and while there the conversation between us was in regard to the Areal and Raceland plantations. I observed to Mr. Polhaus that those plantations had been nearly destroyed by the Confederate and Federal troops, and that instead of making anything since the war began, we had been out of pocket some twenty thousand dollars, but this year (1865) we had put in a large crop of cotton, and expected to make a good profit, provided we succeeded in our crops, and if so we might be able to pay any just and valid claim they might have against us. Mr. Polhaus then observed to me that Mr. Boyle had some claims against these plantations without showing any specified account of such claims. I answered him that I did not know anything about these claims; that Dr. Ewing was the man who attended to that, and that he must go to him. I did not acknowledge these accounts and had no idea of doing so, for I knew nothing of the articles charged therein and consequently I could not know anything about them."

The testimony of Polhaus is not sufficiently positive to establish the interruption of prescription. He does not state what particular bills were acknowledged by the defendant, nor does he state that he showed the bills or accounts to the defendant, Kittredge, and that he renounced the prescription and promised to pay them.

The testimony of Dr. Kittredge invalidates the evidence of this witness. He states positively that he did not acknowledge the accounts,

and had no idea of doing so. We think from the evidence that plaintiffs have failed to establish the interruption of the prescription of three years pleaded by the defendants, and that that plea must prevail.

It is therefore ordered that the judgment appealed from be affirmed with costs.

## ON REHEARING.

TALIAFERRO, J. The principal inquiry in this case is, was there a renunciation of prescription by defendants, or either of them, as contended by plaintiffs? The facts pertinent to this inquiry seem to be that in March, 1865, in New Orleans, at the counting house of Polhaus, the witness of plaintiffs, a conversation ensued between him and Kittredge, one of the defendants, in regard to some unpaid accounts due by Kittredge & Ewing to F. A. Boyle & Co. In his answer to the sixth interrogatory propounded to him by plaintiffs, Polhaus referring to the time at which this conversation occurred says: "In or about the month of March, 1865, Dr. Kittredge informed me, in New Orleans, when I asked him about the bills that he would pay out of that year's crop; he said that if he made a good crop he would pay it that season."

It appears that at the date of the accounts sued upon (March, 1861), the witness was the book-keeper of the plaintiffs. He annexes to his answer to the third interrogatory copies of the bills of plantation supplies, forming the claim upon which the suit is founded. When he informs us afterwards that he asked Kittredge "about the bills" we think it fair to conclude that the character and amount of this specific indebtedness was in some definite manner made known to Kittredge, although, in his own testimony he says, "Mr. Polhaus then observed that Mr. Boyle had some claims against these plantations, without showing any specified account of such claims. I answered him that I did not know anything about these claims, that Dr. Ewing was the man who attended to that, and that he must go to him." Here is a clear admission that he was informed of the plaintiff's claims, although he states that no specified account was shown to him.

The counsel of the plaintiffs in their analysis of Kittredge's reply to Polhaus, given by the latter in his answer to the sixth interrogatory, find two distinct promises: First, the declaration that "he would pay out of that year's crop," and secondly, that "if he made a good crop he would pay it that season." We see no ground for thus dividing the expressions used by the defendant. All that he said on the subject of plaintiffs' claim was said at one time, in the same connection, and on the same occasion. The words used were uttered under the same continuous expression of thought. They must be taken entire and in the sense which results from the whole together. The counsel on the part of the defendants make the point that the amount of the alleged debt exceeds five hundred dollars, and that the testimony of a single witness is insufficient, without corroborating circumstances, to establish a renunciation of prescription.

F. A. Boyle & Co. v. Kittredge & Ewing.

There is no evidence in the record bearing upon the gist of the controversy, but the testimony of the witness Polhaus and the defendant Kittredge himself. The plaintiffs' counsel endeavor to show that on the subject of the promise the testimony of the latter is corroborative of that of the former. We cannot so construe it. Kittredge in the conversation with Polhaus represents himself as having said to the latter : "We have put in a large crop of cotton and expect to make a good profit provided we succeed in our crops, and if so we might be able to pay any just and valid claims they might have against us." This seems to have been spoken in reference to the indebtedness of the plantations generally. More especially in reference to the plaintiffs' claim, he said, in addition to what we have already quoted : "I did not acknowledge these accounts, and I had no idea of doing so, for I knew nothing of the articles charged therein, and consequently I could not know anything about them."

We cannot find in the language used any direct, absolute promise to pay in any event. On the contrary, the promise was made with a condition, and it cannot be taken against the defendant as a clear voluntary renunciation of the prescription which had accrued.

The conclusions we make render it unnecessary to pass upon the remaining points presented. After a careful examination of the case in the aspects to which our attention has been invited, we are not convinced that any change should be made in the first decision.

It is therefore ordered that the former decree of the court rendered in this case remain unaltered. 1 Rob. 336 ; 5 An. 340.