SUCCESSION

OF

MARGARET C. LOEBER

No. 8971

COURT OF APEEAL

PARISH OF ORLEANS

: : : : :

▮▮▮▮▮▮▮▮

- - - -

WILLIAM A. BELL, JUDGE.

* * * * *

APRIL 30, 1923.

By WILLIAM A. BELL, Judge.

This appeal is from a judgment dismissing an opposition filed by the L. Grunewald Company, Limited, to the administraror's final account. Claiming to be a creditor for an alleged balance due on the purchase price of a piano, sold and delivered to the decedent on July 18, 1910, The Grunewald Company filed an opposition to the final account, on October 14, 1922.

The opponent claimed to have sold a piano to the decedent on July 18, 1910, for the price and sum of $450.00, of which there was a balance due on the principal of $64.00, with interest at 6% per annum from April 18, 1922, and of $129.85, alleged to be accrued interest up to that date, plus 10% additional thereon as attorney's fees. The administrator filed a plea of prescription of three, five and ten years. On the trial the opponent offered in evidence the contract of purchase wherein, among other things, the vendor retained title in the instrument sold until the full purchase price had been paid. The contract further provided that no prescription should run against the purchase price as long as any balance remained due and unpaid. The opponent also offered in evidence a copy of the account showing debits and credits. More than twelve years elapsed between the date of the purchase and the death of the purchaser, which was April 23, 1922. The lower court sustained the plea of prescription of three years and dismissed the opposition, from which judgment the opponent has prosecuted this appeal.

In support of the opposition herein filed, appellant relies entirely upon the ruling of this court in Werlein v. Forstall, 1 Orl. Appl., 249. In that case this court reversed judgment of the court a quo, which maintained an exception of three years prescription to suit on contract similar to that now under consideration. The opinion of this court in the cited case was predicated upon the views therein expressed, that a clause in a contract to purchase a piano and other articles, which provided that default in one pay-

417

ment would mature all others yet to become due, was in effect a waiver by anticipation of prescription. We think that such conclusion was erroneous and quite contrary to the expressed prohibition of Article 3460 of the Revised Civil Code against the renunciation of prescription not yet acquired. In the cited case, the court held that the renunciation of prescription was anticipated and implied. In the case before us there is a special stipulation in the last clause of the contract by which this prohibited waiver or renunciation is admitted. The decision in Werlein v. Forstall should have been in conformity with the ruling made in Segond v. Landry, 1 Rob., 335, and to which we now adhere. Where a prior expression of this court is clearly erroneous, we will not hesitate to depart therefrom. Such a ruling has been not infrequently made by the Supreme Court of this State, as was recently done by that court in the case of State v. Orvill Smith. No. 25753 (decided February 26, 1923).

The contract offered in support of the opposition herein filed is one of conditional sale, in which it is attempted to reserve to the vendor title to the thing sold until the full amount of the purchase price is paid. The effect sought is to make the contract one of lease, rather than one of sale, and is such as the laws of Louisiana do not recognize except under special statutory provisions covering other and different subjects than are now before us. The decision in Barber Asphalt Co. v. St. Louis Cypress Co., 121 La., 152, covers fully all that can be said on this point of the case and impels us to the conclusion that the contract before us is but one of ordinary sale for merchandise "on account," prescriptible by three years. The exclusion by our learned brother of the trial court, of the evidence properly objected to, was entirely justified and nothing can be added to his written reasons for judgment, maintaining the pleas of prescription herein filed. Article 2278,

R.C.C; Succession of Driscoll, 125 La., 291.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby affirmed, at appellant's costs in both courts.

JUDGMENT AFFIRMED.                                    APRIL 30, 1923.