PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion filed in the court below.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ.    13.

*For reversal*—None.

ALEXANDER SIMPSON, appellant,

*v.*

HUDSON COUNTY NATIONAL BANK, respondent.

[Submitted October 31st, 1947.    Decided January 29th, 1948.]

On appeal from a decree of the Court of Chancery, in which court the following opinion was filed:

"This is a motion by defendant to strike the bill of complaint on several grounds, one ground being that the bill fails to state an equitable cause of action.

"The bill of complaint and schedules annexed thereto and made part thereof show that in January, February and June, 1930, complainant Simpson delivered to defendant Hudson County National Bank his three promissory notes made payable on demand, for a total of $19,000, and deposited with the bank as security for payment thereof shares of stock of Trust Company of New Jersey of the then approximate value of $125,000; that April 3d, 1945, while the notes remained unpaid, the bank sold the stock, realizing $957.60 on sale and immediately brought suit against Simpson in the Hudson Common Pleas for a balance of upward of $17,000 and interest claimed due on the notes; that among defenses set up by Simpson in his answer filed in that suit he pleaded the statute of limitations by alleging that the bank's cause of action did not accrue at any time within six years before the commencement of said action, and by way of counterclaim against the bank he alleged that the bank had converted said stock to its own use to Simpson's damage of $100,000;

that in said law suit the bank filed a reply to Simpson's answer, denying generally Simpson's allegation as to the statute of limitations and also denying the allegations of Simpson's counter-claim.

"The bill of complaint alleges that while the bank held Simpson's stock collateral it was bound to exercise due care in the management and control thereof; that about March 31st, 1933, Simpson gave the bank notice to sell the stock which, had it then been sold, would have realized $21,600; that the bank refused to sell, although being in the banking business it was aware that the market for the stock was declining, it being assumed by the bank that a sale would affect the general market for all bank stocks; that July 23d, 1935, Simpson assigned to the bank a claim for $10,000 which Simpson held against a person indebted to him; that the bank was bailee of the stock and was under a duty to use reasonable care in protecting its value and that the bank's conduct in refusing to sell at·Simpson's request was inequitable, and therefore the bank is estopped from claiming waiver by Simpson of the statute of limitations. The prayer of the bill is that the bank be enjoined from alleging in its action at law against Simpson any waiver by Simpson of the statute of limitations concerning said notes.

"The notes sued on contain an agreement on Simpson's part that in default of payment of the notes the bank may sell the collateral and that Simpson will remain 'responsible, however, for any and all deficiency in payment of principal or interest, and hereby waiving any and every benefit, exemption and privilege under any law now or hereafter to be in force,' and the quoted clause appears to be what the bill of complaint describes as a waiver of the statute of limitations. If it is so to be construed, the only ground stated in the bill for a restraint against the bank taking advantage of it in its suit at law is the refusal of the bank to sell Simpson's collateral on his demand and the resultant loss to Simpson. The allegation in the bill of an assignment of claim made by Simpson to the bank two years after that demand and refusal appears to have no relation to the contention that the bank should be enjoined from pleading such waiver.

"When Simpson deposited his stock with the bank as collateral for payment of his notes, no trust or other fiduciary relationship arose between the parties; the relationship between them was that of pledgor and pledgee (*Kurth* v. *Maier, 133 N. J. Eq. 388*) and it does not appear that by the conditions under which the bank was to hold the stock the bank obligated itself to make sale thereof, although it had the power to do so. In the absence of such obligation the bank's duty was merely to exercise ordinary care and it would be liable only for neglect of such care (*Franklin Trust Co.* v. *Goerke, 116 N. J. Law 529*). If, on the allegations contained in the bill, failure or refusal by the bank to sell the stock at Simpson's request or demand constituted negligence or violation of a duty owed by the bank to Simpson, such allegations if proved in the law suit would present a valid defense to that suit (*Franklin Trust Co.* v. *Goerke, 117 N. J. Law 518*) and therefore no ground is presented by the bill for equitable intervention on that score. But it would seem that the allegations do not show a valid defense (*Franklin Trust Co.* v. *Goerke, 116 N. J. Law 529*).

"The real question presented by the bill is whether the bank is estopped from setting up in the suit at law, in answer to Simpson's plea of the statute of limitations, an alleged agreement by Simpson to waive the benefit of the statute. The bill contains no allegation that Simpson was induced by fraud or other unconscionable act on the part of the bank to enter into the waiver provision contained in his notes, but if it were so alleged it would show a defense available to him in the law action (*Savage* v. *Edgar, 86 N. J. Eq. 205; Victor Talking Machine Co.* v. *Caubre, 116 N. J. Eq. 592*). Whether by the conditions contained in the notes as quoted above, Simpson agreed not to claim the benefit of the statute is a question which can be determined in the law court. So far as it appears by the bill, Simpson voluntarily made the alleged waiver agreement whereby he is alleged to have agreed, in effect, that in case of his failure to pay his notes he would not require the bank to bring suit against him by reason of his default within six years thereafter. That agreement and the bank's failure to sell his stock on his request are separate

and distinct incidents in the transaction between them. It does not seem to me that the bank's refusal (even if wrongful) to recognize his request to sell his stock, made nearly three years after he had entered into the alleged waiver agreement, works an estoppel against the bank pleading the waiver in the action at law. The statute of limitations is for the benefit of individuals and not to secure general objects of policy; it may be waived by express agreement (*Howard* v. *West Jersey, &c., Railroad Co., 102 N. J. Eq. 517;* affirmed, *104 N. J. Eq. 201*).

"I do not find an equitable cause of action stated in the bill and the motion to strike the bill will be granted."

*Mr. Alex Simpson, pro se,* for the appellant.

*Mr. Abner W. Feinberg,* for the respondent.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion filed in the court below.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ.   13.

*For reversal*—None.