MURLEY *v.* MURLEY

5-3713                                   398 S. W. 2d 68

Opinion delivered January 17, 1966

*Wright, Lindsey & Jennings,* for appellant.

*Fred Newth,* for appellee.

JIM JOHNSON, Justice. This is a child custody case. Appellee Martha Ann Murley sued appellant Joe C. Murley for divorce in Pulaski Chancery Court. Appellant counterclaimed for divorce and after appropriate pleadings the case was tried before the chancellor on November 25, 1964. In its decree of March 1, 1965, the court found that appellee was entitled to a divorce and in addition to the divorce granted appellee custody of the parties' seven-year old daughter. Appellant has appealed from that part of the decree awarding custody, urging that he should be given custody of his daughter.

Custody decisions are never easy, especially in a case such as this where each party has seriously impugned the character of the other. We are, as always in these cases, without direct precedent to lean on. One paragraph from *Aucoin* v. *Aucoin,* 211 Ark. 205, 200 S. W. 2d 316, is expressive here:

"In *Oliphant* v. *Oliphant,* 177 Ark. 613, 7 S. W. 2d 783, upon which appellant relies, this court indi-

cated that it would have changed the custody of an eight-year-old daughter from the mother to the father if the latter had proved the charge of adultery against his wife. However, different results have been reached in other cases where misconduct of the wife has been definitely established, but other circumstances in the case have been held to warrant the award of custody of a child of tender years to the mother. *Longinotti* v. *Longinotti,* 269 Ark. 1001, 277 S. W. 41; *Blain* v. *Blain,* 205 Ark. 346, 168 S. W. 2d 807; *Thompson* v. *Thompson,* 209 Ark. 734, 192 S. W. 2d 223. We agree with appellant that each case must be adjudged on its own peculiar facts and, since no two cases are alike, there is no direct precedent for or against custody in cases of this kind. The child's best interest and welfare is always the primary and controlling consideration. *Kirby* v. *Kirby,* 189 Ark. 937, 75 S. W. 2d 817.''

There is no doubt from the testimony that appellee is intensely protective of her children, takes them to church, rises early to help her son fold newspapers for his route, and generally provides a suitable home. Appellant, who is in the air force, testified that his mother would make a home for his daughter until he retires from the air force in a few years. Appellee admitted that appellant's mother is a fine woman, but testified that she is always sick. Appellant's mother did not testify. It is conceded that a man in military service is not the ideal custodian of a child.

In the case at bar there is evidence of misconduct by both parties and the trial court, after hearing the parties and their witnesses, resolved the controverted issues in favor of appellee. On the whole record, we are not convinced that the trial court erred in awarding custody of the minor child to appellee.

Affirmed.

COBB, J., not participating.