JOHNSON *v.* JOHNSON

5-3845                                   401 S. W. 2d 213

Opinion delivered April 11, 1966

*Fred Newth* and *Martin, Dodds & Kidd,* By: *Lowber Hendricks, Jr.,* for appellant.

*Phillip Carroll,* for appellee.

Osro Cobb, Justice. Appellant and appellee were married on October 21, 1950. Irreconcilable differences developed and on August 7, 1963, the parties executed a separation agreement providing that appellee should be given the home in which they were living along with the substantial mortgage against same; custody of their two young children; and a monthly allowance of $250 plus a portion of appellant's special commissions as a salesman for Crane Supply Company. Appellant's total earnings during the time of this controversy have approximated $8,000 per year.

Appellant failed to pay appellee certain portions of his special commissions and appellee brought action for specific performance of the conditions of the separation agreement, seeking an accounting and judgment for accumulated arrearage. Appellant filed a general denial of the allegations of the complaint and further alleged that the separation agreement was void because it had been obtained by coercion, duress and compulsion, and particularly by threats of an alienation of affection suit against a named female person.

After multiple contested proceedings, the chancellor, on May 12, 1965, entered a decree, the pertinent parts thereof providing:

(a) Appellee is entitled to a decree of separate maintenance.

(b) The separation agreement of August 7, 1963, is not void.

(c) The terms of said separation agreement were not incorporated into the decree.

(d) Appellee has an adequate remedy at law for payments alleged to be due under the separa-

tion agreement and no equity jurisdiction is exercised with reference thereto.

(e)  Appellant directed to pay $250 per month plus a stated portion of his special commissions to appellee for maintenance and support of herself and the two children.

(f)  Appellee's attorney was allowed a $100 fee for services rendered.

The decree entered was acceptable to neither party and the case is now before us on appeal and cross-appeal.

Appellant, conceding his legal obligation to support appellee and the two young children, urges two points on his appeal:

1.  That the court erred in finding that the separation agreement of August 7, 1963, was not void.

2.  That the allowance to appellee for herself and children is excessive.

Appellee by cross-appeal urges a single point: That the trial court should have entered judgment for arrearage due her under the provisions of the separation agreement.

*Appellant's Point* 1—the validity of the separation agreement.

The record reflects that appellant was represented by an attorney of his own choice when the separation agreement of August 7, 1963, was negotiated and executed. Payments were made to appellee thereafter. Appellee testified that the contention that the agreement was obtained by coercion was not asserted in any way until after the filing of her action for specific performance of said agreement. Appellant and appellee both testified at length. Their testimony is

in irreconcilable conflict. Appellee testified that appellant was flagrantly involved with another man's wife, a Mrs. Murley. See *Murley* v. *Murley,* 240 Ark. 70, 398 S. W. 2d 68 (1966). We noted in our opinion in the *Murley* case, *supra,* that there was evidence of misconduct on the part of both parties.

Appellant testified that appellee had harassed him and his employer, threatening his job, and further to the effect that he was not guilty of any adulterous conduct. Appellant also testified as to alleged threats of appellee which he claimed endangered his life.

The chancellor, with many years of experience in dealing with such situations and controversies, held that the separation agreement had not been obtained by coercion and was valid. The evidence in this case does not preponderate against this conclusion. We therefore find no merit as to appellant's Point 1. *Fuller* v. *Fuller,* 240 Ark. 475 (Mar. 14, 1966); *Orrel* v. *E. C. Barton & Co.,* 240 Ark. 194, 398 S. W. 2d 685 (1966); *Brandenburg* v. *Brandenburg,* 234 Ark. 1117, 356 S. W. 2d 625 (1962).

*Appellant's Point 2*—the alleged excessiveness of the award to appellee.

Appellant urges that one of the reasons that the chancellor erred in making the alleged excessive award to appellee was because of the adoption by the court of the provisions of paragraph 3 of the separation agreement as the yardstick for allowance to appellee, while setting forth that said agreement was not being incorporated into the decree. The real question is whether the allowance is reasonable, based upon all of the evidence. We quote from the decree of the court:

"The contract which was entered into by the parties on August 7, 1963, which was introduced into evidence (being the same as the contract attached as Exhibit 'A' to plaintiff's complaint) is not void on account of compulsion, duress, or other coercive

acts of Edith Johnson, but the 'Court declines to incorporate the agreement into this decree and declines to grant specific performance of the agreement. Nevertheless, the Court holds that the terms of paragraph 3 of said agreement, relating to the amount of money to be paid by the defendant to the plaintiff, are fair and reasonable and it is ordered that defendant continue to pay the plaintiff for the support of herself and her two children the sum of $250 per month. From any additional quarterly commission checks which defendant receives subsequent to this date, he shall deduct the first $100 and pay to the plaintiff 50% of the remainder.''

We can understand why the trial court, having found that the separation agreement was valid, was inclined to accept the figures agreed upon by the parties as appropriate for the maintenance and support of appellee and the two children. The record before us indicates that the chancellor has attempted to tailor the relief given appellee in accordance with her needs and the capabilities of appellant to provide support. Indeed, between the date of the decree here on appeal and the filing of the appeal here, the trial court heard a motion of appellant for reduction in support payments and did, on July 20, 1965, in order to give appellant relief from pressing obligations, enter an order temporarily reducing said payments to $200 per month and temporarily denying appellee any portion of two quarters' special commission checks, and providing that the terms as set forth in the decree of May 12, 1965, should re-apply from and after October 1, 1965.

Appellant has not cited a single case authority to support his contention that the allowance to appellee is excessive. Some $70 of the money received by appellee each month goes for the payments upon the house. The balance of $180 per month, plus the participation in the special commissions earned by appellant, provides approximately $2,800 per year for the actual support of appellee and the two children. This can hardly be said

to be excessive from the standpoint of need under the present cost of living. Furthermore, the question as to a proper award is one that is addressed to the sound discretion of the chancellor. Ark. Stat. Ann. § 34-1210 (Repl. 1962); *Brabham* v. *Brabham,* 240 Ark. 153, 398 S. W. 2d 514 (1966); *Grumbles* v. *Grumbles,* 238 Ark. 355, 381 S. W. 2d 750 (1964). In *Wood* v. *Wood,* 140 Ark. 361, 215 S. W. 681 (1919), we affirmed an allowance by the chancellor to the wife and one child of approximately 45% of the total earnings of the husband. When the house payments of $840 a year are deducted from the $8,000 gross earnings of appellant, we have a total in available funds for appellant and appellee of $7,160. Appellee's net income for support and maintenance in this case can be approximated by dividing $2,800 by $7,160, from which we arrive at a figure of approximately 40%. Furthermore, the chancellor has authority, upon change of conditions and/or hardship, to act upon proper application of either party so as to give any further equitable relief that may be required by the changed conditions. *McCutcheon* v. *McCutcheon,* 226 Ark. 276, 289 S. W. 2d 521 (1956). We therefore find no merit in Point 2 of appellant's contentions.

## The Cross-Appeal

The contentions of appellee that she is entitled to judgment for the arrearages in payments due under the valid separation agreement have been examined. The chancellor declined to exercise jurisdiction in order to render judgment against appellant for same, pointing out that an adequate remedy at law existed therefor. The chancellor was no doubt aware that appellant had no funds with which to pay such a judgment, and no doubt further aware that because of the bitterness between the parties such a judgment, if pursued by garnishment and execution, could in fact embarrass appellant in his employment, to the actual injury of appellee and the children. The chancellor had ample authority to adjudicate all questions in controversy, including damages for breach of the separation agreement, under

what is known as the Clean-up Doctrine. See Ark. Stat. Ann. § 27-205 (Repl. 1962); *Murdock* v. *Sure Oil Co.,* 171 Ark. 61, 283 S. W. 4 (1926); *Lebovitz* v. *Porter,* 252 S. W. 2d 144 (Tenn. 1952); *McClintock, Equity* § 50 (1936). We have concluded, under all of the circumstances and equities of the case, that the action of the chancellor in refusing to exercise jurisdiction as to the claims for arrearage was not improper and could well have been in the immediate best interest of appellee. We note that the right to assert the claim at law was preserved to appellee.

Appellee has requested a supplemental fee allowance for services of her attorney in this court, and such fee in the sum of $100 is awarded. Ark. Stat. Ann. § 34-1210 (Repl. 1962). See *Finkbeiner* v. *Finkbeiner,* 226 Ark. 165, 288 S. W. 2d 586 (1956); *Stearns* v. *Stearns,* 211 Ark. 568, 201 S. W. 2d 753 (1947).

Having found no error by the trial court, the decree is affirmed on appeal and affirmed on cross-appeal.