Jordan BIERBAUM *v.* CITY OF HAMBURG

77-104 559 S.W. 2d 20

Opinion delivered December 12, 1977
(Division I)

*William E. Johnson,* for appellant.

No brief for appellee and cross-appellant.

DARRELL HICKMAN, Justice. Jordan Bierbaum is the appellant and his appeal was dismissed on his motion which the City of Hamburg, the appellee, joined; therefore, we have before us only the issues raised on cross-appeal by the appellee.

This suit was filed in the Ashley County Chancery Court by Bierbaum seeking a mandatory injunction against the City of Hamburg asking that the city be required to move a sewer pumping station illegally built on a lot owned by Bierbaum. The city did not deny that it had built the pumping station on the wrong lot and counter-claimed asking that the court condemn the property where the station was located and award damages to Bierbaum.

The trial court denied Bierbaum's request for mandatory injunction and declared the city had a right to condemn the property; but, the case was transferred to the circuit court for a determination of damages. It is from that order that the parties filed their appeals.

We feel the trial court should have retained jursidiction of the cause to determine damages.

Bierbaum gave the city a small plot of land, 20 feet square, on which to build the pumping station. The station,

by mistake, was built on another lot owned by Bierbaum. Bierbaum's request to have the pumping station moved is understandable. The city's, or contractor's mistake — neither accepted responsibility — was inexcusable. However, the chancellor denied the injunction for good cause. Many families were connected to the sewer line and if the pumping station was moved, in the words of one counsel, "eighty families would be discommoded."

Furthermore, the chancellor was right in granting the city the right to invoke the power of eminent domain and condemn the property where the punping station was built. The station was built on a vacant lot and occupies an area about 20 feet square.

We feel the chancellor should have assessed damages under the "clean-up" doctrine rather than transferring the case to the circuit court for a determination of damages.

We are not unmindful of our decision in the case of *Arkansas State Highway Commission* v. *Rice,* 259 Ark. 190, 532 S.W. 2d 727 (1976), which the chancellor used as a reason for transferring the damage aspect of the case to circuit court.

Normally a landowner should not be denied the right for a jury to assess damages in a condemnation case. However, here are circumstances where a chancery court may assess damages in a condemnation case. This is such a case. First, the landowner filed a proper lawsuit in chancery court and, therefore, jurisdiction was properly obtained. Second, the public condemning authority, in this case the city, asked the court to condemn the land and assess damages. There was no objection by the landowner to the chancellor setting damages although damages were not what the landowner wanted. Third, the court on its own motion transferred the case to circuit court; the landowner did not ask for a jury trial on damages. We feel all these reasons were good cause for the chancellor to maintain jurisdiction and decide all issues in the case under the doctrine that once a chancery court acquires jurisdiction for one purpose it may decide all other issues. This doctrine is commonly referred to as the "clean-up" doctrine. *Selle* v. *City of Fayetteville,* 207 Ark. 966, 184 S.W. 2d 58 (1944).

The city's request that we enter an order describing the property on which the station was located may be dealt with by the chancellor.

We remand this case with directions for the chancery court to hear the damages part of the lawsuit.

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.