Lowell G. WHITE *v.*
CLIFF PECK CHEVROLET, INC.

CA 79-120                                                      587 S.W. 2d 606

Opinion delivered September 26, 1979
and released for publication October 17, 1979

*Herrod & Cole,* by: *E. H. Herrod,* for appellant.

*Andrew L. Clark,* for appellee.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court and assigned to the Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

Here we are to decide whether the chancellor abused his discretion in refusing to permit a plaintiff to amend his complaint to seek damages when it became apparent the court could not grant his original request for specific performance.

In October, 1977, the appellant ordered a new, 1978 Chevrolet "Indianapolis Pace Car" Corvette from the appellee. In February, 1978, the appellee returned the appellant's $500.00 deposit, and in the accompanying letter stated it had been informed that customer orders for those cars could not be filled by Chevrolet. In March, 1978, the appellant filed a complaint requesting an order restraining the appellee from selling or altering "subject automobile." This order was sought on the assumption, and with purported reason to believe that the appellee would receive at least one "Pace Car," and that any such car received should be regarded as sold to the appellant. The complaint also requested specific performance of the contract for the sale of the

car. The record does not disclose the disposition of the request for the restraining order.

In May, 1978, a "Pace Car" was delivered to the appellee which sold it to its wholly owned subsidiary, Cliff Peck Leasing, Inc., which in turn sold it to Jim Spears, an employee of the appellee. The car was sold by Spears, and its whereabouts, according to testimony, were unknown to the appellee at the time of the trial.

As early as August, 1978, the appellee had stated in discovery responses that it was no longer in possession of the car and that the appellee did not know who had possession of it. A trial was held on October 6, 1978, and toward the close of the testimony the appellant offered an amendment to the complaint which would have changed it to one seeking damages for breach of contract. The court denied the amendment and dismissed the complaint with prejudice on the ground that it could not award specific performance and could not allow an amendment which stated a new cause of action.

The appellant claims the chancellor abused his discretion, and we agree. The amendment was not one which, as the appellant argues, would have been acceptable as causing the pleadings to conform to the proof. The appellant had offered some evidence which might have supported a restitutionary award, *i.e.,* the difference between what the appellee's wholly owned subsidiary received for the car and the price the appellant allegedly had agreed to pay for it. But no evidence of a loss to the appellant was produced.

However, the chancellor was wrong in saying the amendment offered stated a new cause of action. The term "cause of action" is difficult to define, and we will say only that it consists of facts showing entitlement to relief. A leading case on the definition of the term in the context of amendments to pleadings states the following conclusion:

> In determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling;

> nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated. *Klopstock* v. *Superior Ct.,* 17 Cal. 2d 13, 108 P.2d 906 (1941). (108 P.2d at 323)

Professor (Judge) Charles E. Clark, as early as the first edition of his *Handbook on Code Pleading,* made it clear that the rule was an anachronism and thus the term "cause of action" should be broadly defined under the codes as a "group of facts giving rise to one or more rights of action." Clark, *Handbook on Code Pleading,* p. 503 (1928).[1]

The problem in this area has been whether and at what point the plaintiff should be allowed to change his pleading to show different facts which would give rise to a different type of claim than that originally pleaded. In this case the chancellor was not confronted with that situation. Rather, he was being asked, albeit late in the case, to substitute, for the plaintiff's request for specific performance, a request for damages. Thus, rather than stating a new "cause of action," the appellant was asking for a different "remedy."

We recognize the broad discretion a chancellor has to permit or refuse amendments. *Cole* v. *Branch & O'Neal,* 171 Ark. 611, 285 S.W.2d 353 (1926). But here it is clear that he stated a reason for refusal to permit the amendment which was incorrect. No prejudice which would have resulted to the appellee from the proposed amendment was shown. No surprising new facts were alleged in the proposed amendment. From the record, it appears that the counsel for the appellee seized upon this reason for urging denial of the amendment only after it was raised by the chancellor. While we are troubled by the apparent knowledge on the part of the appellant of the impossibility of granting the remedy sought originally as early as August, 1977, we do not find that to be a sufficient reason to support the chancellor's decision, and the chancellor apparently thought nothing of it either. The

---

[1] We are pleased to note Judge Clark's view has prevailed, and as indirect beneficiaries of his effort we will not be confronted with this definitional problem in the event we are called on to interpret *A.R. Civ. P. 15* which came into effect after this case was tried.

946

appellant might have been speculating that evidence at the trial would show the appellee still to have been in possession of the vehicle the appellant alleged to have been sold to him.

The chancellor could, under the clean-up doctrine, have entertained the action as amended even though the remedy sought became "legal" as opposed to "equitable." *Bierbaum* v. *City of Hamburg,* 262 Ark. 532, 559 S.W.2d 20 (1977). He could also have transferred the case to the circuit court. Ark. Stat. Ann. §27-208 (Repl. 1962).

Because the chancellor refused to permit the amendment and dismissed the complaint on the basis of an invalid reason, and because it was not shown that prejudice to the appellee would have resulted from the proposed amendment, we hold it was an abuse of discretion for the chancellor to refuse the amendment and dismiss the action with prejudice.

Reversed and remanded.