Kenneth TOWELL, Leroy G. WALKER, and Daisy M. WALKER, His Wife *v.* J.D. SHEPHERD, JR. and Juanita SHEPHERD, His Wife

85-51                                                    689 S.W.2d 564

Supreme Court of Arkansas
Opinion delivered May 28, 1985

*Harkey, Walmsley, Belew & Blankenship*, by: *John M. Belew*, for appellant.

*Reed, Irwin, Green & Tilley, P.A.*, by: *R. Bryan Tilley*, for appellee.

JACK HOLT, JR., Chief Justice. At issue in this case is the jurisdiction of the chancery court to dispose of a tort claim contained in a complaint which primarily sought injunctive relief. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(o).

The appellants own land in Cleburne County, Arkansas, that adjoins land owned by the appellees. A portion of the adjoining land is a pond that has been in existence approximately 30 years. In August 1978, the Cleburne Chancery Court entered an order allowing the appellees to fill in that portion of the pond that is situated on their property.

In April, 1984, the appellants filed a complaint in circuit court alleging that the appellees cut a ditch across appellants' portion of the property that lowered the level of the pond. The appellants further claimed that the appellees had continuously and systematically pursued a course of conduct that was designed to interfere with the appellants' quiet enjoyment of their property. The appellants asked for a permanent injunction to prohibit the interference with their enjoyment of the pond and $25,000 in compensatory and punitive damages for the intentional infliction

of emotional distress. The case was transferred on the appellees' motion to chancery court.

The chancellor ordered the appellees to restore the pond to its original water level within 15 days or pay $350.00 as compensation for making a new fill; enjoined the appellees from further interference with the pond's water level; and enjoined them from placing additional fill material beyond the water level of the pond. The chancellor found however that the appellees' actions did not warrant an award of damages to the appellants for injury to their property or for emotional distress.

The appellants contend on appeal that the chancery court did not have jurisdiction over the issues that pertain to the tort of intentional infliction of emotional distress. In the alternative, the appellants argue that the court erred in refusing to grant damages arising out of the tortious conduct of the appellees.

We hold that the chancery court properly exercised its jurisdiction to resolve the entire matter.

The appellants originally filed their complaint in circuit court. The appellees filed a motion to transfer to equity. The appellants did not object to the transfer. We have held that when a suit is improperly bought in equity it should not be dismissed, but should be transferred to the law court and that if no motion to transfer is made, the objection is deemed waived, unless there is a total lack of jurisdiction, such as a criminal case or probate of a will. *Stolz* v. *Franklin*, 258 Ark. 999, 531 S.W.2d 1 (1975). Likewise, by not objecting to the transfer to equity the appellants effectively consented to the chancery court's adjudication of the controversy and lost their right to object to the court's jurisdiction. 27 Am Jur 2d *Equity* § 18 (1966).

Since the appellants were primarily seeking injunctive relief which is an equitable cause of action, the chancery court's jurisdiction had been legally invoked. Under the clean up doctrine, once the chancery court had jurisdiction for any purpose it could retain jurisdiction for all purposes and decide all issues involved in the subject matter of the dispute between the litigants. See *White* v. *Cliff Peck Chevrolet*, 266 Ark. 942, 587 S.W.2d 606 (1979); *Johnson* v. *Johnson*, 240 Ark. 657, 401 S.W.2d 213 (1966); *Bierbaum* v. *City of Hamburg*, 262 Ark. 532, 559 S.W.2d 20 (1977); *Import Motors* v. *Luker*, 268 Ark. 1045, 599

S.W.2d 398 (1980); and 27 Am Jur 2d *Equity* § 108. The chancery court will decide all issues pursuant to the clean up doctrine even though it means passing on matters which are ordinarily cognizable at law. 27 Am Jur 2d *Equity* § 108. The court, however, is only able to exercise jurisdiction over legal matters when the decision of the legal questions is incidental or essential to the determination of the equitable questions. *Id.* § 110.

■ Here, the appellants' claim for damages for the intentional infliction of emotional distress was incidental to the primary aim of the litigation — injunctive relief against the appellees. As a matter of propriety, once the lawsuit was transferred to chancery court it should stay there for a resolution of all of the issues.

■ In their challenge to the chancery court's jurisdiction, the appellants rely on *Gorchik* v. *Gorchik*, 10 Ark. App. 331, 663 S.W.2d 941 (1984) in which the court of appeals found the chancery court did not have jurisdiction in a divorce action to hear a damages claim for an intentional tort. In *Gorchik*, however, the tort claim was not incidental to the divorce action and was based on different facts than those presented in the appeal from the divorce decree. Here, the same facts are presented, the appellants simply seek two forms of relief. Furthermore, the chancery court in this case did not award damages for the tort action, rather the chancellor decided there was nothing in the record on which to base a tort claim. The court's action was within the purview of the clean up doctrine.

■ The appellants also contend that the chancery court erred in refusing to grant damages for the alleged tortious conduct of the appellees. In their argument the appellants list the actions of the appellees which they find offensive but they do not say in what way they were damaged. They also failed to allege damages in their complaint but merely made the conclusory allegation that they were damaged as a result of the intentional infliction of emotional distress by the appellees in the sum of $25,000. The chancellor was not clearly erroneous when he found the appellees' conduct did not amount to a tort so as to warrant an award of damages to the appellants.

Affirmed.