FIRST NATIONAL BANK of Eastern Arkansas *v.*
ARKANSAS DEVELOPMENT FINANCE AUTHORITY,
First Commercial Mortgage Company,
and Verex Assurance, Inc.

CA 92-1249                                    870 S.W.2d 400

Court of Appeals of Arkansas
Division I
Opinion delivered February 2, 1994
[Rehearing denied March 2, 1994.]

144

*Butler, Hicky & Long*, for appellant.

*Donald H. Henry* and *Jana Kim Keller*, for appellees.

JOHN E. JENNINGS, Chief Judge. The Arkansas Development Finance Authority is an independent instrumentality of the State of Arkansas created to assist in the financing of residential housing. The appellant, First National Bank of Eastern Arkansas, qualified with the Finance Authority to participate in the Arkansas 1983 Series D Bond Program. First Commercial Mortgage Company is an Arkansas corporation which services loans for the Finance Authority. Verex Assurance, Inc. is a mortgage loan insurer.

In early 1984, Mr. and Mrs. Randall Horner applied to First National for a loan to buy a home in Forrest City. In connection with the loan First National submitted documents to Verex indicat-

ing that the purchase price for the house was $68,000.00; that the loan was to be for $64,600.00, or 95% of the purchase price; and that the Horners were making a 5% down payment. Included in the documents was a "gift letter" purportedly signed by Randall Horner's mother stating that she would give him $7,500.00 for the down payment and closing costs. Verex approved the application for the purpose of issuing mortgage loan insurance, and First National approved the loan and took a mortgage on the property. At the same time, First National made an additional loan of $7,500.00 to the Horners, payable in thirty-six monthly installments and secured by a second mortgage on the property. Both mortgages were promptly recorded. On that same day, May 14, 1984, First National assigned the $64,600.00 note and mortgage to the Finance Authority. The Finance Authority later transferred the loan to First Commercial for servicing.

In February 1987, the Horners paid the $7,500.00 note in full. In late 1987 the Horners defaulted on the larger note. First Commercial, on behalf of the Finance Authority, filed suit for foreclosure and obtained a decree. The Finance Authority bought the property at sale for $69,738.00, the full amount of the judgment including interest, costs, and attorneys fees. The Finance Authority subsequently sold the property for approximately $35,000.00.

In August 1988, First Commercial filed a claim of loss with Verex under the mortgage insurance policy. In May 1989, Verex denied the claim based on its investigation, which showed that the "gift letter" had been forged and that the Horners' down payment had apparently been financed by the $7,500.00 loan from First National.

In May 1990, First Commercial and the Finance Authority sued First National and Verex. All parties filed motions for summary judgment. The chancellor dismissed the complaint as against Verex, but granted the plaintiffs' summary judgment against First National in the amount of $64,000.00 together with interest and attorney's fees.

One issue raised on appeal requires reversal. Part of the agreement between First National and the Finance Authority is contained in a document known as the Conventional Mortgage Lender's Guide. The lender's guide provided:

> [T]he Mortgage Lender, by its entering into a Mortgage Loan Purchase Agreement, hereby waives any claim or defense of any statute of limitations which might otherwise be raised in defense to any repurchase obligation of the Mortgage Lender or damage claim of the Agency related thereto.

■ The chancellor held in the order granting summary judgment that First National thereby waived the statute of limitations as a defense. The precise issue is whether an agreement to waive the statute of limitations for all time, made at the inception of the contract, is void because it violates public policy. We hold that such an agreement is void and unenforceable.

The question appears to be one of first impression in this state. Professor Arthur Corbin states that an express agreement, made at the time of the original contract, never to plead the statute of limitations as a defense, is generally regarded as against public policy and void. 6A Arthur L. Corbin, *Corbin on Contracts* § 1515, at 729 (1962). *See also* 1A *Corbin on Contracts* § 218; 1 Samuel Williston, *Treatise on the Law of Contracts* § 183 (Walter H. Jaeger ed., 3d ed. 1957). As the court said in *John J. Kassner & Co.* v. *City of New York*, 46 N.Y.2d 544, 415 N.Y.S.2d 785, 389 N.E.2d 99 (1979):

> Although the Statute of Limitations is generally viewed as a personal defense "to afford protection to defendants against defending stale claims", it also expresses a societal interest or public policy "of giving repose to human affairs". Because of the combined private and public interests involved, individual parties are not entirely free to waive . . . the statutory defense.

415 N.Y.S.2d at 789, 389 N.E.2d at 103 (citations omitted). *See also* Corbin, *supra*; Williston, *supra; Hirtler* v. *Hirtler*, 566 P.2d 1231 (Utah 1977); *Crane* v. *French*, 38 Miss. 503 (1860).

Other decisions supporting the rule include *Titus* v. *Wells Fargo Bank & Union Trust Co.*, 134 F.2d 223 (5th Cir. 1943); *Munter* v. *Lankford*, 127 F.Supp. 630 (D.C. 1955), aff'd 232 F.2d 373 (1956); *Ross* v. *Ross*, 96 Ariz. 249, 393 P.2d 933 (1964); *Squyres* v. *Christian*, 253 S.W.2d 470 (Tex. Civ. App. 1952); *Simpson* v. *McDonald*, 142 Tex. 444, 179 S.W.2d 239

(1944); *National Bond & Investment Co.* v. *Flaiger*, 322 Mass. 431, 77 N.E.2d 772 (1948); *First National Bank of La Junta* v. *Mock*, 70 Colo. 517, 203 P. 272 (1921); *Segond* v. *Landry*, 1 Rob. 335 (La. 1842). *See also Bell* v. *Morrison*, 26 U.S. 351 (1828) (Story, J.); *Dunlop Tire & Rubber Corp.* v. *Ryan*, 171 Neb. 820, 108 N.W.2d 84 (1961); *Kentucky River Coal & Feed Co.* v. *McConkey*, 271 Ky. 261, 111 S.W.2d 418 (1937); *Kellogg* v. *Dickinson*, 147 Mass. 432, 18 N.E. 223 (1888); *Moore* v. *Taylor*, 2 Tenn. Ch. App. 556 (1897).

There are decisions to the contrary: *Simpson* v. *Hudson County National Bank*, 141 N.J. Eq. 353, 57 A.2d 473 (1948); *Brownrigg* v. *De Frees*, 196 Cal. 534, 238 P. 714 (1925) (superseded by statute as stated in *Carlton Brown & Co.* v. *Superior Court*, 210 Cal. App. 3d 35, 258 Cal. Rptr. 118 (1989)); *Parchen* v. *Chessman*, 49 Mont. 326, 142 P. 631 (1914); *State Trust Co.* v. *Sheldon*, 68 Vt. 259, 35 A. 177 (1896). Professor Corbin suggests that these cases should now be disregarded, and we do not find them persuasive. We hold that it was error for the chancellor to rule that the statute of limitations had been waived.

■ The Finance Authority contends, in the alternative, that the statute of limitations was tolled as a result of fraudulent concealment on the part of First National. *See, e.g., Dupree* v. *Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856 (1989). But the chancellor did not decide the case on this basis and the record is not sufficiently developed to permit us to decide the issue de novo on appeal. Therefore the case must be remanded.

■ First National also contends that venue was not proper in Pulaski County. The argument is that proper venue for a suit against a national banking association is set by 12 U.S.C. § 94 and that First National was subject to suit only in the county in which it is located, in this case St. Francis County, Arkansas. It is undisputed, however, that First National agreed, under the terms of the lender's guide, to be subject to suit in Pulaski County. Venue may be waived. *Thompson* v. *Dunlap*, 244 Ark. 178, 424 S.W.2d 360 (1968). That is what occurred here.

Appellant next argues that the chancery court lacked subject matter jurisdiction. We disagree.

■ In *Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987), we discussed the nature of subject matter jurisdiction:

> The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any parti-cular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside.

■ In the case at bar the "subject matter" of the litigation is a contract between the parties. First National's argument is based on its contention that the action is merely one for damages and therefore an adequate remedy exists at law.

■ It is apparent from decisions of the Arkansas Supreme Court that the existence of an adequate remedy at law does not deprive the chancery court of subject matter jurisdiction. In *Towell* v. *Shepherd*, 286 Ark. 143, 689 S.W.2d 564 (1985), the supreme court said, "[W]hen a suit is improperly brought in equity it should not be dismissed, but should be transferred to the law court and . . . if no motion to transfer is made, the objection is deemed waived, unless there is total lack of jurisdiction, such as a criminal case or probate of a will." 286 Ark. at 145, citing *Stolz* v. *Franklin*, 258 Ark. 999, 531 S.W.2d 1 (1975). In *Stolz* the court said, "In the absence of such a motion [to transfer], the chancery court may, in its discretion, transfer the case on its own motion or proceed to trial on the merits." In *Priddy* v. *Mayer Aviation, Inc.*, 260 Ark. 3, 537 S.W.2d 370 (1976), the court said "[F]ailure to plead lack of jurisdiction in equity because of an adequate remedy at law waives this objection to jurisdiction on appeal." And in *Reid* v.

*Karoley*, 232 Ark. 261, 337 S.W.2d 648 (1960), the court said that when the basis of an objection to equity jurisdiction is the existence of an adequate remedy at law, the "proper method of procedure . . . is by a motion to transfer and not by demurrer."

By definition, subject matter jurisdiction cannot be waived. *Hilburn* v. *First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976); *In re Estate of Puddy* v. *Gillam*, 30 Ark. App. 238, 785 S.W.2d 254 (1990). But clearly under the decisions of the Arkansas Supreme Court an objection to the exercise of equity jurisdiction on the basis of the existence of an adequate remedy at law can be waived. In the case at bar, no motion to transfer to law court was filed. Accordingly, this objection was waived. *See Towell* v. *Shepherd*, 286 Ark. 143, 689 S.W.2d 564 (1985).

Appellant raises several other issues but those issues are either moot in light of our decision on the question of the statute of limitations or are without merit. We do agree with the contention of Verex that it is "not a proper party to this appeal." *See Buck* v. *Monsanto Co.*, 254 Ark. 821, 497 S.W.2d 664 (1973).

For the reasons stated, the judgment appealed from is reversed and the case is remanded for further proceedings.

Reversed and Remanded.

ROBBINS, J., agrees; MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the result reached by the opinion written by Chief Judge Jennings in this case. However, for understanding and explanation I would substitute the following language for the last, one-sentence paragraph in Judge Jennings' opinion:

In summary, the trial court's judgment found "there exists no genuine issue of material fact in this case" and granted summary judgment in favor of Arkansas Development Finance Authority, First Commercial Mortgage Company, and Verex Assurance, Inc. The only notice of appeal filed was by First National Bank of Arkansas. We affirm the judgment in favor of Verex. We reverse the judgment in favor of Arkansas Development Finance Authority and First Commercial Mortgage

Company because of the trial court's holding that First National Bank waived any objection or defense it may have had based on any statute of limitation that might otherwise apply. We hold against First National on its arguments that venue was improper and that the chancery court, which tried this case, lacked subject matter jurisdiction. We remand on all other issues.

Affirmed in part, and reversed and remanded in part.